IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JAMES ANTHONY BURGESS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:11-cv-00073 |
| STATE OF TENNESSEE, | ) ) Judge Sharp |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Petitioner James Anthony Burgess, an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Bledsoe County, Tennessee, brings his *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Presently before the Court is the State's Motion to Dismiss (ECF No. 10) on the basis that the claims for relief asserted in the petition are unexhausted. The State has demonstrated that the petitioner's motion for post-conviction relief remains pending in the state-court system, and argues that the petitioner's present petition should be dismissed in its entirety, without prejudice, pending exhaustion. The respondent also objects that the petitioner named an improper respondent.

The Court agrees the appropriate respondent would be the warden of the facility in which the petitioner is incarcerated. However, permitting the petitioner to amend his petition to name the appropriate respondent would be a futile exercise in this instance because the Court will grant the motion to dismiss without prejudice based on the petitioner's failure to completely exhaust his state-court remedies before bringing his habeas petition in this Court.

I.  **Procedural Background**

In the present case, the petitioner was convicted of two counts of felony murder, two counts of second-degree murder, one count of especially aggravated burglary, and one count of reckless endangerment. *State v. Burgess*, No. M2009-00897-CCA-R3-CD, 2010 WL 3025524, at *1 (Tenn. Ct. Crim. App. August 4, 2010). At the sentencing hearing, the trial court sentenced the petitioner to twenty-three years of imprisonment for each second-degree murder conviction, to run consecutively, and merged

the second-degree murder convictions into the felony-murder convictions. The court sentenced the petitioner to eleven years on the conviction for especially aggravated burglary, to run concurrently with the first felony-murder conviction, and sentenced him to two years for the reckless-endangerment conviction, to run concurrently with the other sentences. *Id.* at *3.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed in all respects except that it agreed with the petitioner that his conviction for especially aggravated burglary should be modified to a conviction for aggravated burglary because he was convicted of second-degree murder. The court remanded to the trial court with instructions that the trial court modify the petitioner's sentence for especially aggravated burglary to aggravated burglary as a lesser included offense. *Id.* at *7. The Tennessee Supreme Court subsequently denied the petitioner's application for permission to appeal. *State v. Burgess*, No. M2009-00897-SC-R110CD, 2010 Tenn. LEXIS 1192 (Tenn. Dec. 7, 2010).

On May 5, 2010, the petitioner filed a petition for writ of error *coram nobis* in the state trial court. The trial court dismissed the petition, and the Tennessee Court of Criminal Appeals upheld the dismissal on January 20, 2011. *Burgess v. State*, No. M2010-01517-CCA-R3-CO, 2011 WL 320903 (Tenn. Ct. Crim. App. Jan. 20, 2011). The Tennessee Supreme Court denied the petitioner's application for permission to appeal.

On March 28, 2011, the petitioner filed a petition for post-conviction relief in the Criminal Court of Putnam County, Tennessee. (See ECF No. 11-1, at 2–13, 16–33 (Petition for Post-Conviction Relief).) That petition is still pending, and in fact the petitioner notes in his petition in this court that his post-conviction petition is still pending in the state-court system. (ECF No. 1, at 12 (in response to the question, "Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?" the petitioner responded "Yes," and noted that his post-conviction petition was pending in the Putnam County Criminal Court, that no case number had yet been assigned, and that the petition raised "too many issues" to list them all in the space provided by the federal form).) Among the numerous issues included in the state post-conviction petition are those raised in his present petition: (1) That the court erred in convicting the petitioner of burglarizing his own home when there was no permanent order of protection on file that would disqualify the petitioner as the owner of the home he was convicted of burglarizing (see ECF No. 11-1, at 20–22 (raising this issue in post-

conviction petition)); and (2) that the state appellate court's conclusion that he was disqualified as the owner of his own home was the result of prosecutorial misconduct (*see* ECF No. 11-1, at 29–30 (raising this issue in post-conviction petition)).

The petitioner filed his habeas petition in this court on July 13, 2011. He has not indicated that the state-court post-conviction proceeding has concluded.

## II.     Analysis and Discussion

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U .S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." (citation and some internal quotation marks omitted)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).[1]

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he presents for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citation omitted). If a habeas petitioner retains the right under state law to raise a claim "by any available procedure," he has not exhausted that claim.

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

28 U.S.C. § 2254(c). Absent unusual circumstances, habeas petitions containing only unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520–22); *see also Rhines v. Weber*, 544 U.S. 269, 273–77 (2005) (reconfirming the continued relevance of *Rose* under the Antiterrorism and Effective Death Penalty Act of 1996).

In the present case, the petitioner admits that his post-conviction petition is still pending. He has not disputed the State's contention that his claims are unexhausted. Accordingly, the Court finds that the petitioner's habeas petition must be dismissed without prejudice based on the fact that the claims raised here are not yet fully exhausted.

### III.   Conclusion

For the reasons set forth herein, the State's motion to dismiss will be granted and this matter dismissed without prejudice to the petitioner's ability to refile once his claims are exhausted. An appropriate order will enter.

_____
Kevin H. Sharp
United States District Judge